UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2091 HEA |
| | ) | |
| UNKNOWN BROTHERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff David Eugene Bailey (registration no.363348), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $1.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

In his civil rights complaint for monetary damages and injunctive relief, plaintiff makes allegations against the following defendants, in both their individual and official capacities: Unknown Brothers (correctional officer at Northeastern

Correctional Center ("NECC")); Unknown Nash (correctional officer at NECC); Unknown Calvin (correctional officer at NECC); Unknown Feith (correctional officer at NECC); Unknown Jane Doe #1 (correctional officer at NECC); Unknown Jane Doe #2 (Functional Unit Manager at Moberly Correctional Center ("MCC")); Unknown McKinney (doctor); and Correctional Medical Services ("CMS").

Plaintiff claims that from August of 2009 through October of 2010, CMS acted with deliberate indifference to his medical needs when it failed to "intervene on his behalf" when he failed to get medicine for an osteoarthritis condition.

Plaintiff complains that a CMS doctor at Potosi Correctional Center ("PCC"), Unknown McKinney, "absolutely refused" to refill his osteoarthritis medications prescribed by another CMS doctor, instead prescribing him three tylenol per day. Plaintiff asserts that he has suffered in constant pain for fourteen months since the time Unknown McKinney refused to fill his medications.

Plaintiff asserts that in February of 2009, defendant Jane Doe #2, a Functional Unit Manager at MCC, "used the suicide cell to abstract information from [him]." In essence, plaintiff claims in a conclusory manner that defendant Jane Doe #2 threatened to place him in a "suicide cell, buck naked, with no property, no blanket, mattress, etc." if he failed to follow instructions. Plaintiff has not identified exactly

what he was instructed to do, only stating that he was never actually forced by defendant Jane Doe #2 into a "suicide cell."

Plaintiff additionally asserts that defendant Jane Doe #2 put a "red flag" on him, which "causes all the guards to write an inmate up on frivolous and/or non-existent violations." Plaintiff does not identify the alleged instances relating to the false write-ups, he merely states in a conclusory fashion that within a week of "this incident" he had an accumulation of violations that eventually lead to him spending time in the "hole," being transferred to a higher level camp and an eventual extension of his parole date.

Plaintiff alleges that defendants Jane Doe #1, Nash and Calvin, correctional officers at NECC, engaged in a conspiracy to have his pain patches and other arthritis medications taken away by making it seem like he was "late for the med pass," which allowed defendants to write him up for conduct violations, put him "in the hole," and deny him pain medications. Plaintiff asserts that the numerous false conduct violations also resulted in a denial of parole. Plaintiff states that defendant Calvin supervised inmates while "in the hole," and she verbally harassed him, threatened him with disciplinary time and subjected him to "sensory deprivation torture" to punish him for filing grievances.

Plaintiff claims that defendant Feith was the correctional officer in charge of passing out library books at NECC, but that he refused to allow inmates "in the hole" to check out library books. Thus, plaintiff asserts that he was unlawfully denied library books the "entire 90 days" he was "in the hole."

Plaintiff asserts that defendant Brothers was the correctional officer at NECC in charge of taking prisoners to recreation, getting them ready for medical and dental appointments and supervising the inmates' cleaning of their own cells. Plaintiff claims that defendant Brothers "refused to do his job" and would "sneak through the wing holding his keys so no one would know [the inmates] could clean [their] cells," or sign up for recreation or medical/dental appointments. Plaintiff alleges that he was denied recreation on one occasion when he asked defendant Brothers to take him outside, that defendant Brothers made him miss a dental appointment that he had scheduled to deal with tooth/nerve pain, and that defendant Brothers failed to let the inmates know that they could clean their own cells, such that his cell was left in an unsanitary condition for the 90 days he resided "in the hole."

**Discussion**

**1. Permissive Joinder**

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim,

may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple claims against multiple defendants at multiple different entities. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

At issue in the instant case is whether all of the named defendants are properly joined in this single action. See id. (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Simply stated, plaintiff's allegations relative to CMS' "failure to intervene" and defendant McKinney's failure to provide him with osteoarthritis medications at PCC do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those relative to the allegations against Jane Doe #2 at MCC or the alleged conspiracy between the NECC defendants relating to the alleged unlawful conduct plaintiff received while "in the hole," nor do they involve similar questions of law or fact. Not only do plaintiff's claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These three occurrences and the claims arising out of each of them do not share common questions of law or fact. Each of plaintiff's claims will require its own review of entirely separate events asserted against different groups of defendants. For these reasons, the Court concludes that the claims against defendants Jane Doe #2 at MCC, as well as the claims against the correctional officers at NECC (defendants Jane Doe #1, Nash, Calvin, Brothers and Feith) are not properly joined under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the claims and defendants cannot be properly joined in one complaint under Rule 20(a)(2), the Court will deem the plaintiff as having submitted three separate lawsuits, each utilizing the same complaint, as follows:

(1) the instant complaint will be construed as asserting claims arising solely from plaintiff's allegations that CMS "failed to intervene" and defendant McKinney was deliberately indifferent to his medical needs when he refused him his osteoarthritis drugs at Potosi Correctional Center. These claims will be reviewed for frivolity under 28 U.S.C. § 1915(e) in this Memorandum.

(2) A copy of the instant complaint will be used for the second lawsuit, and will be construed as asserting claims against defendant Jane Doe #2, a Functional Unit Manager at Moberly Correctional Center, arising solely from plaintiff's allegations that he was verbally threatened and subjected to false write-ups. Plaintiff will be required to either pay the full filing fee for the second lawsuit or submit a motion for leave to proceed in forma pauperis. If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the second lawsuit for frivolity under 28 U.S.C. § 1915(e).

(3) A copy of the instant complaint will be used for the third lawsuit, and will be construed as asserting claims against the Northeastern Correctional Center defendants (Jane Doe #1, Nash, Calvin, Brothers and Feith) arising solely from plaintiff's claims that several officers engaged in a conspiracy against him to deny him pain medication and place him "in the hole," as well as his claims that he was denied library books, recreation, a clean cell and a dental appointment while he was "in the hole." Plaintiff will be required to either pay the full filing fee for the third lawsuit or submit a motion for leave to proceed in forma pauperis. If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the third lawsuit for frivolity under 28 U.S.C. § 1915(e).

Because the same complaint will be used, all three lawsuits will be considered as having been submitted on the same date.

**2. Review of Plaintiff's Claims against CMS and Defendant Unknown McKinney Under 28 U.S.C. § 1915(e)**

Plaintiff's claims against CMS for its "failure to intervene on his behalf" from August of 2009 through October of 2010 are legally frivolous and will be dismissed. Plaintiff has not alleged any unlawful acts actually done by CMS. Rather, he has alleged that Unknown McKinney, a doctor at PCC presumably employed by CMS, was deliberately indifferent to his serious medical needs when he failed to properly treat his osteoarthritis with the correct medications, knowing he was in constant pain. In saying that CMS didn't "intervene" as to defendant McKinney's actions, plaintiff is merely trying to argue that CMS should be liable for Unknown McKinney's acts, under the doctrine of respondeat superior. "It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action." Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).

Likewise, plaintiff has not alleged a policy by CMS that caused his alleged injuries. In Sanders v. Sears Roebuck and Company, 984 F.2d 972 (8th Cir. 1993), the court held that a corporation acting under color of state law will be held liable under § 1983 only for its own unconstitutional policies or actions. "The proper test

is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Id. at 976. Thus, to state a viable claim against CMS for an injury caused by an unconstitutional policy, plaintiff must allege facts indicating that doctor McKinney acted pursuant to an official CMS policy and that the official policy was responsible for plaintiff being denied constitutionally adequate medical care. In this case, plaintiff has not done so. As such, plaintiff's claims against CMS are subject to dismissal.

Plaintiff's allegations against defendant McKinney for deliberate indifference to his serious medical needs, however, survive frivolity review at this time. Thus, the Court will order the Clerk to issue process or cause process to issue on Unknown McKinney.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice and will not count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Jane Doe #2, a Functional Unit Manager at Moberly Correctional Center, are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court shall open a new case, utilizing the complaint [Doc. #1] submitted here. The new case will be styled David Eugene Bailey v. Jane Doe #2.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Jane Doe #1, Unknown Nash, Unknown Calvin, Unknown Brothers and Unknown Feith are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court shall open a new case, utilizing the complaint [Doc. #1] submitted here. The new case will be styled David Eugene Bailey v. Jane Doe #1, Unknown Nash, Unknown Calvin, Uknown Brothers, and Unknown Feith.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant CMS because, as to this

defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown McKinney, a CMS doctor at Potosi Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown McKinney shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of March, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE