UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV412 TIA |
| ) | |
| JANE DOE #2, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the payment of plaintiff's initial partial filing fee. Plaintiff having been granted leave to proceed in forma pauperis and paid the initial partial filing fee, his claims against defendant Jane Doe #2 must be reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. After reviewing the complaint, the Court will dismiss the instant action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff asserts that in February of 2009, defendant Jane Doe #2, a Functional Unit Manager at Moberly Correctional Center ("MCC"), "used the [threat of the] suicide cell to abstract information from [him]." In essence, plaintiff claims, in a conclusory manner, that Jane Doe #2 threatened to place him in a suicide cell if he failed to follow instructions. Plaintiff has not identified exactly how or what he was instructed to do, only stating that he was never actually forced by defendant Jane Doe #2 into a "suicide cell."

Plaintiff additionally asserts that defendant Jane Doe #2 put a "red flag" on him, which "causes all the guards to write an inmate up on frivolous and/or non-existent violations." Plaintiff does not identify the alleged instances relating to the

false write-ups. He merely states in a conclusory manner that within a week of "this incident," he had an accumulation of violations that eventually lead him to spending time in the "hole," being transferred to a higher level camp and caused an eventual extension of his parole date."

**Discussion**

Plaintiff's allegations against Jane Doe #2 are wholly conclusory and fail to state a plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). His assertions against defendant regarding her placement of a "red flag" on his record, and the alleged harm he suffered as a result of this "red flag," are made up of nothing but conclusory statements and fail to contain any elements or factual assertions that would lead the Court to believe plaintiff's allegations are even plausible. Id. Moreover, plaintiff's claims relating to the alleged verbal threats by Jane Doe #2, without more, cannot sustain a cause of action. See, e.g., McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right); see also, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (noting that a mere naked threat to engage in an act prohibited by the Constitution is not equivalent to doing the act itself). As a

result, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, as the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of May, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE